## In the United States District Court
## for the Southern District of Georgia
## Brunswick Division

| | | |
|---|---|---|
| GENERAL ELECTRIC CREDIT CORPORATION OF TENNESSEE, a Tennessee corporation, | : : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| FIRST NATIONAL BANC, INC., a domestic Georgia corporation, d/b/a First National Bank, | : : | |
| Defendant. | : | NO. CV205-112 |

## O R D E R

Plaintiff, General Electric Credit Corporation of Tennessee ("GE"), has filed this action against Defendant, First National Banc, Inc. ("FNB"), alleging breach of a letter of credit engagement ("LOC") and seeking declaratory relief regarding Plaintiff's rights under the LOC. Presently before the Court is Defendant's motion seeking to dismiss Plaintiff's first amended complaint for failure to join an indispensable party or, in the alternative, requesting an order directing

Plaintiff to join Harold A. Shafer ("Shafer") as a necessary party to this action. For the following reasons, Defendant's motion will be **DENIED**.

**FACTS**

Kaizen Aviation, Inc. ("Kaizen"), entered into a finance agreement with GE's predecessor-in-interest, Boeing Corporation, for the purchase of aviation equipment. Pursuant to the terms of the agreement, Shafer, personally and as principal of Kaizen, induced FNB to issue a LOC in the amount of $900,000 to GE. On the same date, Shafer entered into a reimbursement agreement with FNB in which Shafer agreed to reimburse FNB for any draws GE made under the LOC.

On two occasions after the LOC was issued, Kaizen was delinquent on its payments to GE under the equipment finance agreement. To cure the defaults, two wire transfers of funds totaling $866,226.23 were made from FNB to GE.

When Kaizen again defaulted on the terms of the finance agreement, GE contacted FNB to discuss GE's intent to draw-down on the LOC. FNB advised GE that it had reduced the beneficial amount of the LOC by an amount equal to the two wire transfers, leaving a remaining balance of $33,773.77. GE

AO 72A
(Rev. 8/82)

subsequently provided FNB with a written demand for payment in the total LOC amount of $900,000, pursuant to the terms and conditions of the LOC. FNB, pursuant to the terms and conditions of the LOC, provided GE with written notice of its dishonor for payment.

GE contends that FNB breached the terms of the LOC by improperly reducing the beneficial amount to $33,773.77. According to GE, the two wire transfers were funded by withdrawals from funds Shafer and/or Kaizen had on deposit at FNB, and not from draw-downs on the LOC as FNB contends. Therefore, GE is seeking declaratory judgment that the two wire transfers completed by FNB were not pursuant to draws under the LOC. GE is further seeking damages in an amount of at least $900,000 for FNB's alleged breach of the LOC.

## DISCUSSION

Defendant contends that Shafer is an indispensable party, thereby requiring the Court to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(7) and 19 or, in the alternative, requiring that he be joined in this action as a necessary party. In order to determine whether Shafer is an indispensable party to this action, the Court must apply the

two-part test of Federal Rule of Civil Procedure 19. First, the Court must decide if Shafer is a party which should be joined if feasible. Rule 19(a) states in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a). In determining whether the party in question should be joined, "'pragmatic concerns, especially the effect on the parties and the litigation,' control." Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1280 (11th Cir. 2003) (quoting Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc., 669 F.2d 667, 669 (11th Cir.1982)); see also In re Torcise, 116 F.3d 860, 865 (11th Cir. 1997) ("[F]indings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation."); Wymbs v. Republican State Executive Comm. of Fla., 719 F.2d 1072, 1079 (11th Cir. 1983).

4

FNB maintains that Shafer is an indispensable party because his absence from this suit would: (i) prevent the Court from according complete relief to FNB; (ii) impede Shafer's interest; and (iii) leave FNB subject to inconsistent judgments.

A letter of credit typically involves three separate contracts. First, the issuing bank enters into a contract with its customer to issue the letter of credit. Second, there is a contract between the issuing bank and the beneficiary receiving the letter of credit. Third, the customer who procured the letter of credit signs a contract with the beneficiary, usually involving the sale of goods or the provision of some service. Resolution Trust Corp. v. United Trust Fund, Inc., 57 F.3d 1025, 1030 (11th Cir. 1995) (citing Dibrell Bros. Int'l S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)); E. Girard Sav. Ass'n v. Citizens Nat'l Bank & Trust Co. of Baytown, 593 F.2d 598, 601 (5th Cir. 1979)[1] (citing Barclays Bank D.C.O. v. Mercantile Nat'l Bank, 481 F.2d 1224, 1239 n.21 (5th Cir. 1973), cert. dismissed, 414 U.S. 1139, 94 S. Ct. 888, 39 L.Ed.2d 96 (1974)).

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted all decisions by the Fifth Circuit Court of Appeals issued prior to October 1, 1981, as binding precedent on this Court.

5

AO 72A
(Rev. 8/82)

Independence of the respective contracts is an important aspect of the letter of credit transaction because it exemplifies the beneficiary's reasons for requesting such an engagement. Under the "independence principle," "the issuer's obligation to the beneficiary is independent of performance under the related contracts." Dibrell Bros. Int'l S.A., 38 F.3d at 1578-79; Pro-Fab, Inc. v. Vipa, Inc., 772 F.2d 847, 852-53 (11th Cir. 1985) ("The bank is obligated to look only to the requirements of the letter of credit, not to any other activity between the parties."). Thus, the issuer must honor its obligation to pay the demand upon presentation of the proper documentation even if its customer fails to perform under the reimbursement contract. Id., 38 F.3d at 1579 (citing O.C.G.A. § 11-5-114 & John F. Dolan, The Law of Letters of Credit ¶ 2.01 (2d ed. 1991)).

The Court is not persuaded that Shafer is a necessary party under Rule 19. The issue before the Court is whether FNB breached its agreement with GE by denying GE's demand for a draw-down pursuant to the LOC. Shafer's joinder is not necessary in order for the Court to afford complete relief between GE and FNB. See Clarendon, Ltd. v. State Bank of Saurashtra, 77 F.3d 631, 635 (2nd Cir. 1996) (The beneficiary's

AO 72A
(Rev. 8/82)

claim against the issuing bank under a letter-of-credit theory did not require bank customer as a party.)

Furthermore, a determination that FNB was liable would subject FNB to but one judgment obligation; namely, the obligation to pay any judgment rendered against it in this action. FNB would then be entitled to bring subsequent actions for indemnification against Shafer under the reimbursement agreement. Although resolution of this matter may result in subsequent litigation, that possibility, without the additional threat of inconsistent obligations, does not make Shafer a necessary party. See Boone v. Gen. Motors Acceptance Corp., 682 F.2d 552, 554 (5th Cir. 1982) (the possibility of a second suit following instant litigation does not in itself provide grounds for dismissal).

FNB appears to be seeking indemnity from Shafer for any liability found in this action. FNB may protect this claim by impleading Shafer under Federal Rule of Civil Procedure 14. Challenge Homes, Inc., 669 F.2d at 671. FNB, thus, is not subject to multiple or inconsistent liability by GE's failure to name Shafer as a party in the amended complaint. The Court concludes that Shafer does not fit any of the Rule 19(a) test for persons who should be joined if feasible. Thus, it need

7

AO 72A
(Rev. 8/82)

not reach the second step of the Rule 19 test for indispensable parties.

**CONCLUSION**

After careful consideration of all arguments and evidence, the Court concludes that Defendant's motion to dismiss (Doc. No. 11) should be and is hereby **DENIED**.

**SO ORDERED**, this \_\_\_\_2$^d$\_\_\_\_ day of September, 2005.

```
_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
```

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

**ATTORNEYS SERVED:**

James Durham
Wallace E. Harrell
James L. Roberts IV
E. Lanny Russell
Todd C. Toral

CASE NO: CV205-112
DATE SERVED: 9/2/05
SERVED BY: Nita Rose

☐ Copy placed in Minutes
☐ Copy given to Judge
☐ Copy given to Magistrate